SUMMARY ORDER

Kai-Yun Chen, a native and citizen of the People’s Republic of China, seeks review of a March 31, 2008 order of the BIA affirming the March 28, 2006 decision of Immigration Judge (“IJ”) Douglas B. Schoppert, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Kai-Yun Chen, No. A98 355 945 (B.I.A. Mar. 31, 2008), aff'g No. A98 355 945 (Immigr. Ct. N.Y. City Mar. 28, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA issues an opinion that fully agrees with the IJ’s decision, we review both the BIA’s and the IJ’s decisions. See, e.g., Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008); Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007).
*85 We find that the agency’s adverse credibility finding is supported by substantial evidence. For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). “We defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Here, the IJ properly noted that Chen’s testimony with respect to the date of his arrest was inconsistent with his asylum application. Specifically, when Chen was first asked on what date he was arrested, he replied “1999, July 22, August 23,” before settling on August 12. However, Chen stated in his asylum application that he was arrested on August 2, 1999. Because Chen’s testimony was clearly inconsistent with his asylum application on this matter, the IJ did not err in relying on that inconsistency in finding that he was. not credible. See 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, while Chen attempted to explain this inconsistency by claiming that a lot of time had passed since his arrest, the IJ was not required to credit this explanation where a reasonable fact-finder would not have been compelled to do so. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
The IJ also found that Chen’s testimony that the police continued to search for him in China was inconsistent with a letter purportedly prepared by his mother in support of his application. While that letter described how the authorities came to their house to search for Chen before he left for the United States, it did not indicate that the police had continued to search for Chen since his departure. It was proper under the REAL ID Act for the IJ to rely on this inconsistency in making his adverse credibility determination. See 8 U.S.C. § 1158(b)(l)(B)(iii); see also Surinder Singh v. B.I.A., 438 F.3d 145, 148 (2d Cir.2006). Further, the IJ found that Chen had testified inconsistently with respect to his conviction for assault in the United States, where he first claimed that he was not arrested, then claimed that he was arrested but not convicted, then finally admitted that he was convicted. The IJ properly found these discrepancies to reflect negatively on Chen’s credibility.
Finally, the IJ found that Chen’s inability to describe the place where he was detained to be implausible in view of the length of his detention and the detail with which he described other aspects of his claim. We have held that “when an adverse credibility finding is based partly or entirely on implausibility, [the Court will] review the entire record, not whether each unusual implausible feature of the account can be explained or rationalized.” Ying Li v. Bureau of Citizenship and Immigration Servs., 529 F.3d 79, 82 (2d Cir.2008). Here, because the IJ considered Chen’s testimony in light of the entire record, his implausibility finding was proper. Id.; see also 8 U.S.C. § 1158(b)(l)(B)(iii).
We find that the inconsistencies, implausibility finding, and other discrepancies in the record identified by the IJ provided substantial evidence in support of his adverse credibility determination. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d at 95. Accordingly, the IJ’s denial of Chen’s application for asylum was *86 proper. Further, inasmuch as Chen bases his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t. of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.